UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-63031-CIV-ALTMAN/HUNT

JACQUELINE M. EVANS,

    Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 18, 21. The Honorable Roy K. Altman, United States District Court Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 15; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 18, be DENIED and that Defendant's Motion for Summary Judgment, ECF No. 21, be GRANTED.

## **BACKGROUND**

Jacqueline Evans ("Plaintiff") filed an application for supplemental security income ("SSI") on February 11, 2016 alleging disability beginning on February 23, 2012. A

hearing on Plaintiff's disability claim took place on July 10, 2018. An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision.  Plaintiff now seeks judicial review of the ALJ's decision.

## Social Security Framework

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 11, 2016.  ECF No. 14 at 19.  At step two, the ALJ found that Plaintiff had the following combination of severe impairments: Chronic Obstructive Pulmonary Disease ("COPD"), Asthma, Obesity, and Hypertension.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404.  *Id.* at 20.  After careful consideration of the entire record, at step four the ALJ found that Plaintiff has the residual functional capacity to perform light work defined in 20 C.F.R. § 416.967(b).  *Id.* at 20–21.  At step 5, the ALJ found that the claimant is capable of

performing past relevant work as a housekeeper and poll clerk.  *Id.* at 27.  As a result, the ALJ found that Plaintiff was not disabled.  *Id.*

## STANDARD OF REVIEW

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)).  Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo.  *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff makes two arguments in support of her request to reverse the ALJ's decision or remand this case for further proceedings. First, Plaintiff argues that the ALJ violated Plaintiff's due process rights to a full and fair hearing by denying Plaintiff the opportunity to cross-examine the author of a medical opinion which contradicted Plaintiff's disability claim. Plaintiff argues that the ALJ's decision to give great weight to this medical opinion, the opinion of Dr. Lauren Lerner, is reversible error. Second, Plaintiff argues that the ALJ's finding that Plaintiff can perform her past relevant work of housekeeper/cleaner is not based upon substantial evidence and fails to follow the Social Security Regulations 20 C.F.R. §§ 404.1560, 404.1565 and Social Security Ruling 82-62. Each argument will be addressed in order.

### I.   Due Process Allegations

Plaintiff argues that she raised concerns about Dr. Lerner's medical opinion prior to the hearing on her disability claim. ECF No. 18 at 5. Plaintiff requested that the ALJ allow Plaintiff to examine Dr. Lerner if the ALJ was going to give any weight to Dr. Lerner's opinion. Plaintiff argues that the ALJ did not address Plaintiff's request prior to the hearing but instead addressed the issue in the decision denying Plaintiff's claim. Plaintiff also contends that Dr. Lerner's opinion is dated because Dr. Lerner's examination took place in January 2015 and the hearing on Plaintiff's claim took place in July 2018. Plaintiff argues that the ALJ's finding that the medical evidence did not show any deterioration between these dates is unreasonable. Ultimately, Plaintiff asserts that the ALJ's alleged failure to provide any legitimate basis for denying Plaintiff the opportunity to examine Dr. Lerner and the ALJ's reliance on Dr. Lerner's opinion, which Plaintiff claims is

contradicted by Dr. Lerner's own report and the subsequent medical evidence, are grounds for reversal.

"When it is reasonably necessary for the full presentation of a case, an administrative law judge . . . may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses . . . ." 20 C.F.R. § 404.950(d)(1).

Both Parties correctly agree that an abuse of discretion standard applies when reviewing an ALJ's decision regarding whether cross-examination is warranted. *See Demenech v. Dep't of Health & Hum. Servs.*, 913 F.3d 882, 884 (11th Cir. 1990); *Santos v. Comm'r of Soc. Sec. Admin.*, 731 F. App'x 848, 854 (11th Cir. 2018) ("[W]e assume as we've done before that abuse of discretion is the proper standard to apply.").

In *Demenech*, the ALJ determined that the claimant experienced a medical improvement and could return to work based on a medical report that was prepared and submitted by a consultative physician after the administrative hearing took place. 913 F.2d 883–84. The ALJ denied the claimant's disability claim without allowing the claimant to cross-examine or depose the physician. *Id.* at 885. The Eleventh Circuit found that the ALJ abused her discretion and held that "where the ALJ substantially relies upon a ***post-hearing medical report*** that directly contradicts the medical evidence that supports the claimant's contentions, cross-examination is of extraordinary utility." *Id.* (emphasis added).

In this case, unlike *Demenech*, the medical report was rendered and submitted prior to the merits hearing. "[N]othing in *Demenech* suggests that its holding applies with equal force to medical reports submitted prior to the administrative hearing, or that a

5

claimant has a due process right to cross-examine a physician where the claimant has had the opportunity to rebut or challenge the medical report through alternative means. . . ." *Marks v. Comm'r of Soc. Sec. Admin.*, 649 F. App'x 948, 964 (11th Cir. 2016).  Here, Plaintiff had the opportunity to review the report, voice her concerns, and present further evidence to contradict the report during the hearing and at anytime prior to the ALJ's decision.  *See Santos*, 731 F. App'x at 855.

The undersigned's review of the ALJ's order reveals that while the ALJ gave Dr. Lerner's opinion great weight, the ALJ also found that Dr. Lerner's opinion was supported by the totality of the evidence.  Indeed, the ALJ's order describes in detail Plaintiff's medical history, both prior and subsequent to Dr. Lerner's examination, and shows that it was consistent with Dr. Lerner's conclusions.  The ALJ also evaluated an examination conducted by Dr. Christopher Alexander. Noting the inconsistencies within the actual report, the ALJ found Dr. Alexander's opinion to be unconvincing and unsupported.  The ALJ's findings in regard to Dr. Alexander's inconsistencies are supported by the record.  Thus, the ALJ's decision to afford great weight to Dr. Lerner's opinion was based on her evaluation of the totality of the evidence.  This demonstrates that she did not exclusively rely on Dr. Lerner's opinions in denying Plaintiff's claim.  Rather, her decision was based on the entirety of the evidence.

Plaintiff next points to the fact that the ALJ in part supported her decision to deny cross-examination by mistakenly identifying Dr. Lerner as a State Agency medical consultant, which she is not.  Defendant points out that Plaintiff invited this error because in Plaintiff's subpoena request, she stated that Dr. Lerner was a State Agency medical consultant.

In fact, Dr. Lerner personally examined Plaintiff and based her opinion on that examination. Further, the ALJ noted that a physician's qualification was a non-dispositive factor in the Commissioner's regulations governing weight afforded to an opinion. Accordingly, the undersigned finds any error harmless because Plaintiff has not shown how this mistake prejudiced Plaintiff in any way.

Although the ALJ stated she gave Dr. Lerner's Opinion great weight, Dr. Lerner's opinion did not provide the sole basis for denying Plaintiff's claim. The ALJ reviewed and discussed Plaintiff's medical history in detail, discussed the findings in the medical reports submitted into evidence, found these medical reports to be consistent with Dr. Lerner's observations, and found Dr. Alexander's contrary opinion to be inconsistent with itself and with the totality of the evidence. Additionally, the ALJ noted that Plaintiff, who was represented by counsel, had the opportunity to voice her concerns at the hearing. In total, this evidence provided an adequate basis for the ALJ's denial of Plaintiff's claim. Based on review of the record, the undersigned finds that the ALJ did not abuse her discretion when denying Plaintiff's request to cross-examine Dr. Lerner.

II.     ALJ's Finding of Past Relevant Work

Plaintiff argues that the ALJ's finding that Plaintiff's past work as a housekeeper/cleaner was performed at the substantial gainful activity ("SGA") level is contradicted by the earnings records. Plaintiff contends that the only testimony the ALJ took regarding housekeeping work was when Plaintiff was questioned about the company Ancon in 2003. Plaintiff contends that the ALJ failed to develop the record with sufficient critical facts to be able to determine whether such work was at the SGA level. For

7

example, Plaintiff argues that the record is silent as to whether the housekeeping work was done over several weeks or months or whether it was a full-time or part-time job.

"The Claimant bears the burden of showing that her work experience is not past relevant work." *Pena v. Berryhill*, No. 16-21376-CIV-SCOLA/OTAZO-REYES, 2017 WL 2984163, at *9 (S.D. Fla. May 8, 2017). Three conditions must be met for work to qualify as past relevant work: 1) the work was recent, i.e., it occurred within 15 years; (2) the work was of sufficient duration, i.e., the claimant had enough time to learn the skills needed for average performance in the job; and (3) the work constituted substantial gainful activity. SSR 82-62.

Here, Plaintiff argues that the ALJ's findings that Plaintiff's past work as a housekeeper and poll clerk was performed at the SGA level is contradicted by the earnings records. However, the Court notes that a disability report submitted into evidence provided information that showed Plaintiff performed the housekeeper position at the SGA level in 2008 and 2009. During opening statements, the ALJ asked the Parties whether they had any objections to record and Plaintiff's counsel responded that she had no objections.

In addition, the ALJ elicited testimony from Plaintiff regarding the housekeeper job which Plaintiff indicated was performed at a hotel. This matches the disability report. The ALJ also elicited testimony from the vocational expert who indicated that Plaintiff's past work experience included working as a housekeeper. The vocational expert identified the housekeeper position by its DOT identification number and stated that the job required light exertion with an SVP of 2. At no point did Plaintiff's counsel ever object to the ALJ's consideration of the past relevant work as a housekeeper. Further, even though the ALJ

8

did not elicit specific testimony regarding the specific physical demands of the housekeeper position, the vocational expert's testimony showed that Plaintiff could perform the position as it is performed in the general economy. *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (finding no error in the ALJ's failure to ask additional questions about the physical demands of the claimant's past relevant work because the vocational expert's testimony demonstrated that the claimant could perform the job as it is performed in the general economy).

Therefore, given Plaintiff's testimony, the vocational expert's testimony, the disability report, and Plaintiff's failure to object to the ALJ's consideration of her past work, the undersigned finds that Plaintiff failed to meet her burden of showing that her work experience is not past relevant work. *See Pena*, 2017 WL 2984163, at *9. Thus, the undersigned finds that the ALJ's decision is supported by substantial evidence.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 7th day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record